UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SYLVIA OJEDA<br>　Plaintiff,<br><br>V.<br><br>CHEDDAR'S CASUAL CAFÉ, INC.<br>　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 1:24-cv-49<br>§<br>§<br>§ |

## **DEFENDANT CHEDDAR'S CASUAL CAFÉ, INC.'S**
## **NOTICE OF REMOVAL**

Defendant Cheddar's Casual Café, Inc. ("Cheddar's") hereby removes this action from the 197th District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, based on the following facts:

### I.   **Background**

1. On February 29, 2024, Plaintiff Sylvia Ojeda filed her Original Petition in Cause No. 2024-DCL-01208; *Sylvia Ojeda v. Cheddar's Restaurant Holding Corp. d/b/a Cheddar's Scratch Kitchen #2027;* In the 197th Judicial District Court of Cameron County, Texas. On March 25, 2024, Plaintiff Sylvia Ojeda filed her First Amended Petition in which she dismissed Cheddar's Restaurant Holding Corp. d/b/a Cheddar's Scratch Kitchen #2027 and named Cheddar's Casual Café, Inc.

2. The United States District Court for the Southern District of Texas, Brownsville Division, is the United States District and Division embracing the District Court of Cameron County, Texas where this action is pending. *See* 28 U.S.C. §§ 124(d)(4) and 1446(a). Therefore, venue of this removed action is proper in this Court.

3.  Counsel for Cheddar's accepted service of Plaintiff's First Amended Petition on March 25, 2024. This notice is therefore timely under 28 U.S.C. § 1446(b).

4.  This Notice of Removal is accompanied by the state court documents filed in the trial court, including the trial court docket sheet, which are attached as **Exhibit 1.** Other than the documents attached at Exhibit 1, no other pleadings or orders are presently on file in the state court. In the event that such filings come to Cheddar's attention, true and legible copies will be filed with this Court.

5.  Cheddar's is serving written notification on all counsel of this Notice of Removal and filing a Notice of Filing Notice of Removal, attaching a copy of this Notice of Removal, with the state court.

## II.     Standard for Removal

6.  This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) based on diversity of citizenship because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, removal is proper under 28 U.S.C. §§1332 and 1441.

## III.    Argument and Authorities

### a.    Complete Diversity Exists Between the Parties.

7.  There is complete diversity between the parties that have been properly joined and served at the time of this removal.

8.  Plaintiff was and is a citizen and resident of the State of Texas as alleged in Plaintiff's Petition.

9.  Cheddar's is a corporation. The citizenship of a corporation is determined by each state where it is incorporated and the state where its principal place of business is located. *Wilmington*

*Trust v. Hsin-Chi-Su a/k/a Nobu Su*, 573 S.W.3d 845, 854 (Tex. App – Houston 2018); 28 U.S.C. § 1332(c)(1). Cheddar's is incorporated in the State of Delaware with its principal place of business in the State of Florida. Therefore, Cheddar's is a citizen of Delaware and Florida.

10. Because Plaintiff is a citizen of Texas and Cheddar's is a citizen of the U.S. states of Delaware and Florida, complete diversity exists among the parties.

      **b.**      **The Amount in Controversy Exceeds $75,000.**

11. The matter or amount in controversy in this suit exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

12. On page 5 of Plaintiff's First Amended Petition, she states "Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court at an amount more than $1,000,000.00 from Defendant." Plaintiff further outlines damages on page 4 for the following: (1) medical care and expenses sustained in the past; (2) medical care and expenses that, in all reasonable medical probability, will be sustained in the future; (3) physical pain, suffering, and mental anguish sustained in the past; (4) physical pain, suffering, and mental anguish that, in all reasonable probability, will be sustained in the future; (5) physical impairment sustained in the past; (6) physical impairment that, in all reasonable probability, will be continued in the future; (7) lost wages in the past; (8) lost earning capacity; and (9) punitive damages.

### IV.   Conclusion

WHEREFORE, the United States District Court for the Southern District of Texas has original diversity of citizenship jurisdiction of this matter, Defendant Cheddar's Casual Café, Inc. respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

*/s/ David H. Estes*
**DAVID H. ESTES**
State Bar No. 24012599
destes@hartlinebarger.com
**MORGAN R. TRENARY**
State Bar No. 24125864
mtrenary@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
Phone: (214) 369-2100
Fax: (214) 369-2118

**ATTORNEYS FOR DEFENDANT**
**CHEDDAR'S CASUAL CAFÉ, INC.**

## CERTIFICATE OF SERVICE

On the 3rd day of April 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties pursuant to the Federal Rules of Civil Procedure.

*/s/ David H. Estes*
David H. Estes